Jeremy J. Alberts, State Bar No. 273290
Batkhand Zoljargal, State Bar No. 262918
THE ALBERTS FIRM
1600 N. Broadway, Suite 1010
Santa Ana, CA 92706
Telephone: (714) 441-1144; FAX: (714) 547-7633
zola@mytrustedattorney.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BURNS and KRISTEN BURNS,<br><br>              Plaintiffs,<br><br>       v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2004-FM2 ASSET BACKED PASS-THROUGH CERTIFICATES; OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>              Defendants. | CASE: EDCV 12-01748 JGB (OPx)<br><br>*Assigned to Hon. Jesus G. Bernal*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    August 26, 2013<br>Time:   9:00 a.m.<br>Ctrm.:  1 |

-1-
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiffs Robert Burns and Kristen Burns (hereinafter cumulatively referred to "Plaintiffs") by and through their attorneys of record hereby oppose Motion to Dismiss Plaintiffs' First Amended Complaint filed by Defendants HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2004-FM2 Asset Backed Pass-Through Certificates and Ocwen Loan Servicing, LLC. This Opposition is based on Memorandum of Points and Authorities in support thereof, all the papers on file with the Court, and any arguments made by Plaintiffs' counsel at the hearing currently scheduled for this matter.

DATED: August 05, 2013                    THE ALBERTS FIRM

                                          By:   /*Batkhand Zoljargal*/
                                                Jeremy J. Alberts
                                                Batkhand Zoljargal,
                                                Attorneys for Plaintiff,
                                                Robert Burns and Kristen Burns

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................ .4

II.  STATEMENT OF FACTS ...........................................................................4

III. LEGAL ARGUMENT……………………………………………………7

    A. STANDARD FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) .......................................................................7

    B. PLAINTIFFS ARE NOT REQUIRED TO TENDER .........................8

    C. PLAINTIFFS ALLEGED SUFFICIENT FACTS TO STATE A CAUSE OF ACTION FOR NEGLIGENCE …..…………………………...11

    D. PLAINTIFFS ALLEGED SUFFICIENT FACTS TO STATE A CAUSE OF ACTION FOR WRONGFUL FORECLOSURE…………………...14

    E. PLAINTIFFS ALLEGED SUFFICIENT FACTS TO STATE A CAUSE OF ACTION FOR VIOLATION OF 15 USC §1641(G)…………......16

IV. CONCLUSION .........................................................................................17

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. INTRODUCTION

Through the instant lawsuit, Plaintiffs Robert Burns and Kristen Burns (hereinafter cumulatively referred to as "Plaintiffs") will establish that HSBC Bank USA, National Association (hereinafter "HSBC Bank"), as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2004-FM2 Asset Backed Pass-Through Certificates (hereinafter "Ace Securities Trust") (in its capacity as purported assignee of Plaintiff's Deed of Trust) is not their true creditor and as such has no legal, equitable, or pecuniary right in the debt obligation secured by the real property located at 970 S. Encina Avenue, Rialto, California 92376 (hereinafter "Property" or "Subject Property").

Plaintiffs have sufficiently pled both plausible factual allegations, as well as legal claims, to enable their Complaint to move forward. This is not the phase in litigation to weigh the merits of the case. In reviewing the sufficiency of the claims asserted, the issue is not whether plaintiffs will ultimately prevail, but whether the plaintiffs are entitled to offer evidence to support the claims asserted. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

## II. STATEMENT OF FACTS

Plaintiffs alleged in their First Amended Complaint (hereinafter "FAC") that on or around March 3, 2004, Plaintiffs herein executed a Note (hereinafter "Note") and Deed of Trust (hereinafter "Deed of Trust") in favor of the Fremont Investment and Loan (hereinafter "Fremont") and Mortgage Electronic Registration Systems (hereinafter "MERS") as a nominal beneficiary. FAC ¶ 17.

In the instant case, a first assignment (hereinafter "First Assignment") was executed and recorded in 2009. A second Assignment (hereinafter "Second Assignment") was executed and recorded on or about January 19, 2012. Defendants never notified Plaintiffs of this transfer according to 15 U.S.C. 1641(g). FAC ¶ 20.

Furthermore, MERS only had authority of a nominee. At the time MERS executed the first assignment, Fremont was closed and under Federal Bankruptcy protection. Plaintiffs alleged in their First Amended Complaint that Fremont never instructed or authorized MERS to make the assignment and if MERS did, Plaintiffs did not believe the transfer was disclosed to the bankruptcy court or trustee. FAC ¶ 21.

As an additional attempt to correct deficiencies in the chain of title and in order to effectuate a swift non-judicial foreclosure of Plaintiffs' home, Defendants substituted the foreclosure trustee agreed upon in Plaintiffs' Deed of Trust for their own trustee. Plaintiffs alleged, on information and belief, that Western Progressive, LLC (hereinafter "Western Progressive") was either a wholly owned subsidiary of HSBC Bank and/or Ocwen Loan Servicing, LLC (hereinafter "Ocwen"). By utilizing a non-arm's length trustee, Defendants were able to accomplish the foreclosure without any question as to the authenticity of title or the legality of the sale itself. FAC ¶ 29.

Provision 24 of the Deed of Trust governs the substitution of trustee. It provides in relevant part: "Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender ... This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution." In violation of Provision 24, and Cal. Civ. Code Section 2934(a), Fremont failed to file a valid Substitution of Trustee, substituting Western Progressive as the new trustee. Any recorded Substitution is void because it was not executed by Fremont, or their agents, but instead by Defendants herein. These defendants were not the current "Lender" at the time of the execution of the Substitution. HSBC Bank claims to have the power to record the substitution but never had a valid assignment of the Deed of Trust. Therefore, Western Progressive substituted in was not allowed to act as the trustee

under the Deed of Trust. Any substitutions recorded on title by the Defendants are fraudulent, and the execution, filing, and recordation of the documents are for the purpose of facilitating and aiding and abetting the illegal, deceptive, and unlawful collection and attempts to collect on Plaintiffs' obligation. FAC ¶¶ 30-32.

Plaintiffs alleged in their First Amended Complaint that Defendants are equitably estopped from foreclosing because they have unclean hands by virtue of their actions in the origination and servicing of the Loan that underlies this case. FAC ¶ 39.

Plaintiffs alleged that Western Progressive did not have standing to initiate a foreclosure action against the Subject Property.  Perhaps Fremont had standing to foreclose but Fremont did not start foreclosure proceedings or even assisted in the foreclosure process.  In fact, Plaintiffs alleged that Fremont herein went out of business before Defendants started foreclosure proceedings against Plaintiffs. FAC ¶ 40.

Additionally, Plaintiffs' home was wrongfully foreclosed upon after Plaintiffs received a valid loan modification from Defendant Ocwen's predecessor, Litton Loan Servicing, LLC (hereinafter "Litton"). Pursuant to a loan modification offer from Litton, Plaintiffs and Litton agreed to place a series of fees to be paid at the end of the Loan.  Upon buying the loan from Litton, and stepping into the shoes of Litton regarding all of their rights and obligations to the Loan, Defendant Ocwen immediately asked for the series of fees to be paid up front.  Ocwen informed Plaintiffs that any payment made would only go toward the fees, and the regular payments would be considered late until the fees were paid. Ocwen violated the terms of the loan modification offered by its predecessor in interest, accepted by Plaintiffs and consummated by both parties. Ocwen's violation of its predecessor's promise forced Plaintiffs into default.  And then Ocwen immediately proceeded to default and foreclosure, refusing to discuss or negotiate the matter with Plaintiffs.  Ocwen

negligently and recklessly proceeded to foreclosure in violation of a binding and valid loan modification agreement that Plaintiffs had negotiated with Ocwen's predecessor, Litton, and made payments thereto. FAC ¶¶ 42-43.

Plaintiffs relied on HSBC Bank's and Ocwen's misrepresentations and have been damaged in the following ways: (1) Plaintiffs have been paying the wrong party for an undetermined amount of time and overpaid in interest that was overcalculated; (2) Plaintiffs have suffered damage to credit; (3) the title of Plaintiffs' home has been lost through wrongful foreclosure; (4) Plaintiffs are facing an imminent eviction from the Subject Property; (5) Plaintiffs have expended significant funds to cover the cost of attorneys' fees and related costs; (6) Plaintiffs' reputation has diminished in the community; and (7) multiple parties may seek to enforce their debt obligations against Plaintiffs. FAC ¶ 34.

Plaintiffs alleged in their First Amended Complaint that Plaintiffs' claims against Defendants should serve as a set off or be treated as a counterclaim against any sums owed to any defendant (assuming that any defendant had standing to collect payments). FAC ¶ 35.

### III.   LEGAL ARGUMENT

**A.   STANDARD FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997).  The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *See Hartford Fire Ins. Co. v. California,*

509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Cervantes v. City of San Diego,* 5 F.3d 1273, 1274 (9th Cir. 1993) (emphasis added).

The purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief in the complaint. *See Rutman Wine Co. v. E. & J.Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987). The complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). It is not a procedure for resolving a contest about the facts or the merits of the case. In reviewing the sufficiency of the complaint, the issue is not whether the plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted. Furthermore, more recently, the U.S. Supreme Court has held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, would "state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly,* 55 US 544 (2007).

**B.** **PLAINTIFFS ARE NOT REQUIRED TO TENDER**

Tender is not required when the action attacks the validity of the underlying debt because the tender would constitute an affirmation of the debt. *Lana v. HSBC Bank,* N.A., 2011 WL 6391584, 14-16 (Cal. App. 6 Dist. Dec. 21, 2011) (identifying four exceptions to the tender rule); *Sacchi,* No. CV 11-1658 AHM, 2011 WL 2533029, at 9-10 (citing *Onofrio* v. Rice, 55 Cal. App. 4th 413,424 (1997)); *Stockton v. Newman,* 148Cal. App. 2d 558, 564 (1957); also *Vogan,* No. 2:11-CV-02098-JAM-KJN, 2011WL 5826016, 7-8 (The Court held that the tender requirement does not apply to this case because plaintiffs were challenging the beneficial interest held by the bank in the deed of trust, not the procedural sufficiency of the foreclosure itself.); *Foulkrod v. HSBC Bank Financial California Inc.,* No. CV 11-732-GHK (AJWx) (C.D. Cal. May31, 2011) ("...requiring plaintiff to tender the amount due on her loan

at this time would be illogical and inequitable given that he disputes that HSBC Bank has any rights under the loan.").

Tender is also not required where a borrower has claims against the beneficiary that would offset the amount due. *Lana,* 2011 WL 6391584, at 14. Plaintiffs alleged in their First Amended Complaint that Plaintiffs' claims against Defendants should serve as a set off or be treated as a counterclaim against any sums owed to any defendant (assuming that any defendant had standing to collect payments). FAC ¶ 35.

The court in *Vogan*, recognizing that requiring tender would be inappropriate in just such a case as this, explained that plaintiffs are not saying that the bank failed to follow the letter of California's statutory foreclosure law; they are claiming that the bank did not have standing to foreclose in the first place. Thus, relying on *Onofrio*, requiring plaintiffs to tender the full amount of the indebtedness to an entity, the bank, that was allegedly not the beneficiary to the deed of trust in order to protect plaintiffs' interest in the property would be inequitable. *Vogan,* 2011 WL 5826016, at 7 (citing *Onofrio,* 55 Cal. App. 4th 413). Here, Plaintiffs also alleged in their First Amended Complaint that US Bank is not the beneficiary under the Deed of Trust. here are therefore not required to tender. Plaintiffs stated in their First Amended Complaint that MERS only had authority of a nominee. At the time MERS executed the first assignment, Fremont was closed and under Federal Bankruptcy protection. FAC ¶ 21.

Finally, some courts have held that where a sale is void, rather than voidable, tender is not required. *Tamburri v. Suntrust Mortg., Inc.,* 2011 WL 624472, at *4 (N.D. Cal. Dec. 15, 2011)(citations omitted). "The word void, in its strictest sense, means that which has no force and effect." *Little v Cfs Service Corp.,* 188 Cal.App. 3d 1354. 1358 (1987) (citations and quotations omitted). For example, in *Dimock v. Emerald Properties, LLC*, 81 Cal. App. 4th 868 (2000), the court found that the deed

-9-
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

was void, rather than merely voidable, where an authorized trustee conducted the foreclosure sale. *Id.* at 876.

Here, Plaintiffs alleged in the First Amended Complaint that as an additional attempt to correct deficiencies in the chain of title and in order to effectuate a swift non-judicial foreclosure of Plaintiffs' home, Defendants substituted the foreclosure trustee agreed upon in Plaintiffs' Deed of Trust for their own trustee. Plaintiffs alleged, on information and belief, that Western Progressive was either a wholly owned subsidiary of HSBC Bank and/or Ocwen. By utilizing a non-arm's length trustee, Defendants were able to accomplish the foreclosure without any question as to the authenticity of title or the legality of the sale itself. FAC ¶ 29.

Provision 24 of the Deed of Trust governs the substitution of trustee. It provides in relevant part: "Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender ... This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution." In violation of Provision 24, and Cal. Civ. Code Section 2934(a), Fremont failed to file a valid Substitution of Trustee, substituting Western Progressive as the new trustee. Any recorded substitution is void because it was not executed by Fremont, or their agents, but instead by Defendants herein. These Defendants were not the current "Lender" at the time of the execution of the Substitution. HSBC Bank claims to have the power to record the substitution but never had a valid assignment of the Deed of Trust. Therefore, Western Progressive substituted in was not allowed to act as the trustee under the Deed of Trust. Any substitutions recorded on title by the Defendants are fraudulent, and the execution, filing, and recordation of the documents are for the purpose of facilitating and aiding and abetting the illegal, deceptive, and unlawful collection and attempts to collect on Plaintiffs' obligation. FAC ¶¶ 30-32.

Therefore, Plaintiffs are not required to tender.

## C. PLAINTIFFS ALLEGED SUFFICIENT FACTS TO STATE A CAUSE OF ACTION FOR NEGLIGENCE

The elements of negligence are: (1) duty, (2) breach of duty, (3) proximate cause, and (4) damages. *Conroy v Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1250 (2009).

A bank may be liable in negligence if it fails to discharge its contractual duties with reasonable care. *Das v. PHH, NA.,* 186 Cal. App. 4th 727, at 741 (2010) citing *Chazen v. Centennial Bank,* 61 Cal. App. 4th 532, 537 (1998). In California, the test for determining whether a financial institution owes a duty of care to a borrower "involves the balancing of various factors, among which are (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm." *Watkinson v. MortgageIT, Inc.,* 2010 WL 2196083, at *8 (S.D. Cal. June 1, 2010)(internal citations and quotations omitted).

Here, Plaintiffs alleged in their First Amended Complaint that Plaintiffs' home was wrongfully foreclosed upon after Plaintiffs received a valid loan modification from Defendant Ocwen's predecessor, Litton Loan Servicing, LLC (hereinafter "Litton"). Pursuant to a loan modification offer from Litton, Plaintiffs and Litton agreed to place a series of fees to be paid at the end of the Loan. Upon buying the loan from Litton, and stepping into the shoes of Litton regarding all of their rights and obligations to the Loan, Defendant Ocwen immediately asked for the series of fees to be paid up front. Ocwen informed Plaintiffs that any payment made would only go toward the fees, and the regular payments would be considered late until the fees were paid. Ocwen violated the terms of the loan modification offered by its predecessor in interest, accepted by Plaintiffs and consummated by both parties.

Ocwen's violation of its predecessor's promise forced Plaintiffs into default. And then Ocwen immediately proceeded to default and foreclosure, refusing to discuss or negotiate the matter with Plaintiffs. Ocwen negligently and recklessly proceeded to foreclosure in violation of a binding and valid loan modification agreement that Plaintiffs had negotiated with Ocwen's predecessor, Litton, and made payments thereto. FAC ¶¶ 42-43.

A loan modification on Plaintiffs' Property (1) was intended to directly affect the Plaintiffs; (2) it was foreseeable that if such a valid loan modification was to be totally disregarded and a new modification demanding upfront fees was to be demanded, then Plaintiffs here would not be able to comply and lose their Property to foreclosure; (3) it is certain that Plaintiffs lost their Property to foreclosure; (4) the connection between Defendants' conduct and the foreclosure is very close; (5) the moral blame attached to the Defendant's conduct is enormous because it affected families to lose their homes; and (6) the policy of preventing future harm is prevalent in new federal and California laws (Homeowner's Bill of Rights, Cal. Civ. Code, Section 2923). Therefore, Defendants HSBC Bank and its agent, Ocwen, owed a duty of care to Plaintiffs.

Furthermore, "[a] lender may owe a duty of care sounding in negligence to a borrower when the lender's activities exceed those of a conventional lender. ..." *Osei v. Countrywide Home Loans,* 692 F.Supp.2d 1240, 1249 (2010). One such instance is when the lender goes,"...beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning [a] trial period plan." *Ansanelli v. JP Morgan Chase Bank, N.A.,* 2011 WL 1134451, at 7 (N.D. Cal. March 28, 2011).

Some courts have applied the above six-factor test to determine whether lending institutions handled loan modifications negligently. *See Yau v. Deutsche Bank Nat. Trust Co.Americas,* 2013 WL 2302438, at *3 (9th Cir. May 24,

2013)(citing *Jolley v. Chase Home Fin., LLC,* 213 Cal. App. 4th 872, 898-906 (2013)). Some courts have found that engaging in loan modification negotiations goes beyond the domain of a usual money lender. *Ansanelli v. JP Morgan Chase Bank, N.A.,* 2011 WL 1134451, at 7 (N.D. Cal. March 28, 2011); *Robinson v. Bank of America,* 2012 WL 1932842, at *7 (N.D. Cal. May 29, 2012); *Garcia v. Ocwen Loan Servicing, LLC,* 2010 WL 1881098, at *3 (N.D. Cal. May 10, 2010)/

At very least, in contrast to other district courts, US District Court, Central District of California, has taken the position that the no-duty rule does not apply to servicers. *See, e.g., Juntilla v. JP Morgan Chase Bank, N.A.,* No. CV 11-7701, Docket No. 27, at 3-4 (February 2, 2012); *see also id.,* Docket No. 26. Obviously loan servicers must exercise some degree of care in their servicing activities, at least in connection with their collection of payment on the mortgage. Consequently, several court have determined that servicers do have such duties of care sufficient to maintain a claim for negligence against them. *See, e.g., Susilo v. HSBC Bank Bank, N.A.,* No. CV 11-1814 CAS, 2011 U.S. Dist. LEXIS 66567 (C.D. Cal. June 21, 2011); *see also Gardner v. Am. Home Mortg. Servicing, Inc.,* 691 F.Supp.2d 1192, 1199 (E.D. Cal. 2010). Here, as in *Susilo,* Plaintiffs did allege that Defendants failed to comply with the terms of the Deed of Trust. Provision 24 of the Deed of Trust governs the substitution of trustee. It provides in relevant part: "Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender ... This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution." In violation of Provision 24, and Cal. Civ. Code Section 2934(a), Fremont failed to file a valid Substitution of Trustee, substituting Western Progressive as the new trustee. Any recorded Substitution is void because it was not executed by Fremont, or their agents, but instead by Defendants herein. These Defendants were not the current "Lender" at the time of the execution of the Substitution. HSBC Bank claims to have

the power to record the substitution but never had a valid assignment of the Deed of Trust. Therefore, Western Progressive substituted in was not allowed to act as the trustee under the Deed of Trust. Any substitutions recorded on title by the Defendants are fraudulent, and the execution, filing, and recordation of the documents are for the purpose of facilitating and aiding and abetting the illegal, deceptive, and unlawful collection and attempts to collect on Plaintiffs' obligation. FAC ¶¶ 30-32.

Defendants HSBC Bank and Ocwen breached their duty failing to recognize a valid loan modification with Litton and making improper substitution of the trustee in violation of the Deed of Trust, forcing Plaintiffs' Property to foreclosure. The list of Plaintiffs' damages stated above.

Therefore, Plaintiff's cause of action for negligence is sufficient as to both Defendants HSBC Bank and Ocwen.

### D. PLAINTIFFS ALLEGED SUFFICIENT FACTS TO STATE A CAUSE OF ACTION FOR WRONGFUL FORECLOSURE

There is no unqualified rule that a nonjudicial foreclosure sale is immune from attack. *Dock v. Emerald Properties, LLC* I, 81 Cal. App. 4th 868, 877 (2000) (plaintiff successfully challenges trustee sale on grounds that it was conducted by former trustee and the trustee at the time of the sale).

To state a claim for wrongful foreclosure, the plaintiff must please the following: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Permito v. Wells Fargo Bank, N.A.,* 2012 WL 1380322, *3 (N.D. Cal. Apr. 20, 2012) (quoting *Lona v. Citibank, N.A.,* 202 Cal. App. 4th 89, 104 (2011)).

Here, the tender requirement is fully discussed above. Plaintiffs alleged in their First Amended Complaint that MERS only had authority of a nominee. At the time MERS executed the first assignment, Fremont was closed and under Federal Bankruptcy protection. FAC ¶ 21. In addition, Defendants substituted the foreclosure trustee agreed upon in Plaintiffs' Deed of Trust for their own trustee. Plaintiffs alleged, on information and belief, that Western Progressive was either a wholly owned subsidiary of HSBC Bank and/or Ocwen. By utilizing a non-arm's length trustee, Defendants were able to accomplish the foreclosure without any question as to the authenticity of title or the legality of the sale itself. FAC ¶ 29. In violation of Provision 24, and Cal. Civ. Code Section 2934(a), Fremont failed to file a valid Substitution of Trustee, substituting Western Progressive as the new trustee. Any recorded Substitution is void because it was not executed by Fremont, or their agents, but instead by Defendants herein. These defendants were not the current "Lender" at the time of the execution of the Substitution. FAC ¶¶ 30-32.

In addition, Plaintiffs' home was wrongfully foreclosed upon after Plaintiffs received a valid loan modification from Defendant Ocwen's predecessor, Litton. Pursuant to a loan modification offer from Litton, Plaintiffs and Litton agreed to place a series of fees to be paid at the end of the Loan. Upon buying the loan from Litton, and stepping into the shoes of Litton regarding all of their rights and obligations to the Loan, Defendant Ocwen immediately asked for the series of fees to be paid up front. Ocwen informed Plaintiffs that any payment made would only go toward the fees, and the regular payments would be considered late until the fees were paid. Ocwen violated the terms of the loan modification offered by its predecessor in interest, accepted by Plaintiffs and consummated by both parties. Ocwen's violation of its predecessor's promise forced Plaintiffs into default. And then Ocwen immediately proceeded to default and foreclosure, refusing to discuss or negotiate the matter with Plaintiffs. Ocwen negligently and recklessly proceeded to

foreclosure in violation of a binding and valid loan modification agreement that Plaintiffs had negotiated with Ocwen's predecessor, Litton, and made payments thereto. FAC ¶¶ 42-43.

Therefore, Plaintiffs' First Amended Complaint did state a claim for wrongful foreclosure.

### E. PLAINTIFFS ALLEGED SUFFICIENT FACTS TO STATE A CAUSE OF ACTION FOR VIOLATION OF 15 USC §1641(G)

Defendants' current Motion to Dismiss states that an assignment of Deed of Trust to HSBC Bank was recorded on or around January 19, 2012, after the Loan was in default. When a person or entity purchases a mortgage loan, the purchaser is required to give written notice to the borrower within 30-days and failure to do so subjects an offending party to statutory penalties and attorney fees. 15 USC §1641g. Defendants never notified Plaintiffs of this transfer according to 15 U.S.C. 1641(g). FAC ¶ 20. The statute of limitations for bringing an action for violation of 15 U.S.C. § 1641(g) is one year. Here, Plaintiffs did file this action within that period. Defendants also seem to take issue with Plaintiffs' ability to prove any damages stemming from any Section 1641(g) violation. However, Plaintiffs also seek statutory damages. Complaint ¶¶ 60, 113.

Finally, Defendants seem to argue that Section 1641(g) applies only to creditors, and that HSBC Bank is not a creditor. Defendants have not explained how the Court can reach that conclusion based on the First Amended Complaint alone. In addition, at least one district court within this Circuit has commented that the definition of "creditor" for purposes of Section 1641(g) may be broader that the definition of creditor sued elsewhere in the Truth in Lending Act. *See Vargas v. HSBC Bank USA, N.A.,* No. 11-cv-2729 BEN (RBB), 2012 U.S. Dist. LEXIS 128661, *8n.4 (S.D. Cal. Sept. 10, 2012).

For all these reasons, the Court should deny Defendants' Motion to Dismiss Plaintiff's Section 1641(g) claim.

### IV. CONCLUSION

Plaintiffs' Complaint is well-pled and allows the Court to infer more than the mere possibility that Plaintiffs are entitled to relief; in fact, when the Court accepts the factual allegations as true the Court can make a "reasonable inference" that Defendants have engaged in misconduct for which they may be liable.

To the extent the Court dismisses any claim or allegation, Plaintiffs request the opportunity to amend their pleading to cure any deficiency, add additional causes of action or rename any causes of action.

DATED: August 05, 2013                                THE ALBERTS FIRM

                                                By:   */Batkhand Zoljargal/*
                                                      Jeremy J. Alberts
                                                      Batkhand Zoljargal,
                                                      Attorneys for Plaintiff,
                                                      Robert Burns and Kristen Burns